U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 AUG 29  AM 11: 23

CLERK
BY_____PC_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:12-cr-105 |
| | ) | |
| FRANK CARABALLO | ) | |

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNT FOUR OF THE INDICTMENT AND ORDERING BIFURCATED TRIAL
(Doc. 36)

This matter came before the court on Defendant Frank Caraballo's Motion to Sever Count Four of the Second Superseding Indictment. (Doc. 36.) The government opposes the motion. The court heard argument on Defendant's motion on August 20, 2013.

The government is represented by Assistant United States Attorney Joseph R. Perella and Assistant United States Attorney Paul J. Van de Graaf. Defendant is represented by Mark A. Kaplan, Esq. and Natasha Sen, Esq.

I.   **Procedural Background.**

Pursuant to the Second Superseding Indictment of July 31, 2013, Defendant has been indicted on four counts: Count One: conspiring to distribute mixtures or substances containing detectable amounts of cocaine, cocaine base, and heroin, as part of a conspiracy involving 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), 846; Count Two: possession and use of a firearm in furtherance of a drug trafficking crime with an allegation that Defendant discharged the firearm and caused the death of Melissa Barratt by murder, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (j)(1); Count Three: possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and Count Four: possession of a firearm by a felon, with an

allegation that Defendant has been convicted of four prior drug trafficking felonies, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e)(1).

## II.   Conclusions of Law and Analysis.

Fed. R. Crim. P. 8(a) allows for the joinder of offenses when those offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 14(a), however, provides relief from joinder: "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, . . . or provide any other relief that justice requires."

Rule 14(a) "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). Rules 8 and 14 "are designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Id.* at 540 (internal quotation marks and alterations omitted). As such, "less drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of [prejudicial joinder.]" *Id.* at 539. To prevail on a Rule 14 motion, it is not enough for a defendant to show that he or she "may have a better chance of acquittal in separate trials." *Id.* at 540. Instead, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.

Pursuant to Rule 14(a), Defendant moves to sever Count Four, contending that trying all four counts "together would inform the Jury of [Defendant's] past criminal record . . . which [is] highly prejudicial" and that "there is a significant probability that the Jury's knowledge that [Defendant] had committed serious crimes in the past would adversely affect their judgment in considering his guilt or innocence on the remaining counts." (Doc. 36 at 3.) With regard to Count Two, Defendant argues "that once the Jury is informed that [Defendant] is an individual who not only possessed firearms, but

2

illegally possessed them, the Jury's ability to fairly consider his guilt or innocence on [Count Two] of the Indictment would be adversely affected." *Id.* at 3-4.

The government opposes the motion to sever, arguing that *United States v. Page*, 657 F.3d 126 (2d Cir. 2011), has "changed the landscape" and imposed a "heavy burden" on a defendant seeking severance. While the government is correct in its characterization of *Page*,[1] it does not address a significant factual difference between *Page* and the present case. In *Page*, the defendant agreed to a sanitized stipulation with regard to the defendant's prior felony. *See id.* at 128 ("The defendant has agreed to stipulate that he has a prior felony conviction. The jury will be made aware that he has stipulated to having been convicted of a prior felony, but no description of the facts underlying his prior conviction will be provided and no other mention will be made of his criminal record during the trial unless he chooses to testify."). In this case, Defendant has not agreed to a stipulation of any kind. It is thus unclear how the evidence of his prior drug-related felonies would be presented to the jury. Accordingly, the court must analyze the *Page* factors without the predicate of a mutually-agreeable sanitized stipulation regarding Defendant's prior felonies.

In *Page*, the Second Circuit rejected the "contention that a felon-in-possession charge must *always* be severed from other charges," so long as "there is a logical

---

[1] Defendant's reliance on *United States v. Jones*, 16 F.3d 487 (2d Cir. 1994), is misplaced. In *Jones*, the Second Circuit vacated the district court's denial of a defendant's motion to sever because there was "an overwhelming probability that the jury [was] unable to follow the court's instructions and the evidence [was] devastating to the defense." *Jones*, 16 F.3d at 493. In *Page*, the Second Circuit confined *Jones* to its "unusual facts," *Page*, 657 F.3d at 131, which included a first trial on three bank robbery counts, which ended in a mistrial, followed by a second trial in which the prosecution added a felon-in-possession count and obtained a conviction on all four counts. The *Page* court explained the result in *Jones* as follows:

> We were concerned in particular with the government's "tactics" in adding the felon-in-possession charge only after the first trial had ended in a hung jury. We observed: "The ineluctable conclusion is that the government added the count solely to buttress its case on the other counts." *Jones*, 16 F.3d at 492. It was against this background that we held that the limiting instructions were inadequate. *Id.* at 493.

*Page*, 657 F.3d at 131.

connection between the felon-in-possession count and the other charges, there is a similarity in the evidence necessary to prove the different charges, the trial court takes steps to limit the danger of prejudice and gives a proper limiting instruction, and the defendant is not substantially or unfairly prejudiced." *Page*, 657 F.3d at 132. *Page* thus directs the trial courts to consider whether there is a "sufficient logical connection" between the counts; whether "separate trials . . . would have required much of the same evidence;" and whether there are "adequate precautions to limit the danger of unfair prejudice." *Id.* at 130 (internal citations and quotation marks omitted). However, *Page* did not purport to alter or limit the mandate of Rule 14(a) or the Supreme Court's acknowledgment that "the tailoring of the relief to be granted [from prejudicial joinder is left] to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39; *see Page*, 657 F.3d at 129. In fact, the Second Circuit in *Page* unequivocally stated:

> Nothing in this opinion should be taken to be a denunciation of the practice of bifurcating a felon-in-possession charge from other charges in a single multi-charge trial [when] doing so would better protect the defendant from prejudice than a limiting instruction, and the district court determines that a limiting instruction cannot adequately protect the defendant from substantial prejudice and bifurcating the trial of that charge would provide such protection.

*Page*, 657 F.3d at 132; *see also United States v. Lee*, 549 F.3d 84, 88, 94-95 (2d Cir. 2008) (affirming denial of motion to sever, but sanctioning bifurcation of two counts, which included a count of felon-in-possession of a firearm, into two trial phases).

Based on the government's representation of the evidence to be offered at Defendant's trial, there appears to be a logical connection between the charge of felon-in-possession of a firearm and the charges of conspiracy to distribute, possession of a firearm in furtherance of that conspiracy, and use of a firearm in furtherance of a drug trafficking crime resulting in the death of Melissa Barratt. The government alleges that firearms were used as Defendant's tools of trade, as well as currency in exchange for drugs. When a firearm is an important tool in the trafficking of narcotics, the Second Circuit has concluded there is a logical connection between a narcotics count and a felon-

4

in-possession count. *See Page*, 657 F.3d at 130 (concluding logical connection when firearm and heroin were found in same location) (citing *United States v. Muniz*, 60 F.3d 65, 71 (2d Cir. 1995), *conviction vacated on other grounds by*, 184 F.3d 114 (2d Cir. 1995) ("[T]here are innumerable precedents of this court approving the admission of guns in narcotics cases as tools of the trade."); *United States v. Vegas*, 27 F.3d 773, 778 (2d Cir. 1994) ("[T]his Court has repeatedly approved the admission of firearms as evidence of narcotics conspiracies, because drug dealers commonly keep firearms on their premises as tools of the trade.") (internal quotation marks omitted)).

With regard to Count Two, Defendant is charged with the use of a firearm in furtherance of a drug trafficking crime resulting in the death of Melissa Barratt. The firearm Defendant allegedly used "was both an instrumentality of the [alleged] murder . . . and the basis for the felon-in-possession charge." *Lee*, 549 F.3d at 94. When the facts necessary to prove both a charge of murder and a charge of felon-in-possession of a firearm "overlap[]" and are "relevan[t] to both charges," the Second Circuit has concluded that it can be proper to try such charges in the same trial. *Id.* at 94-95. Thus, the felon-in-possession charge in Count Four is logically connected to the charges in Counts One through Three.

The court's consideration of whether to try these logically-connected counts in one trial must be informed by the purposes of Rule 8 and 14 "to promote economy and efficiency and to avoid a multiplicity of trials." *Zafiro*, 506 U.S. at 540 (internal quotation marks omitted). The concern is that the evidence for one count is so inextricably intertwined with the evidence for another count that it is inefficient, if not impossible, to separate the presentation of evidence for each. In turn, severance may result in two lengthy trials, with overlapping evidence, which would not promote "the interests of judicial efficiency." *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991); *see also Page*, 657 F.3d at 130 (explaining that separate trials "would have required much of the same evidence" because "witnesses would have had to testify twice" about facts underlying both the narcotics counts and the felon-in-possession count).

Here, the court is not convinced that a complete retrial of the facts presented in support of Counts One through Three would be necessary to prove the charge of felon-in-possession of a firearm in Count Four.  Count Four charges a violation of 18 U.S.C. § 922(g)(1), which criminalizes the possession of "any firearm" by "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."  "There are 'three simple elements' under § 922(g)(1): '(1) knowing possession of the firearm [or ammunition], (2) a previous felony conviction, and (3) the possession being in or affecting commerce.'"  *United States v. Amante*, 418 F.3d 220, 221 n.1 (2d Cir. 2005) (quoting *United States v. Smith*, 160 F.3d 117, 121 n.2 (2d Cir. 1998)); *see also United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984) (concluding that felon-in-possession charge "requires little more than proof of possession and the existence of the prior record").  Accordingly, while there may be some overlap between the evidence needed to prove Counts One through Three and the evidence needed to prove Count Four, a three week trial on Count Four that duplicates the trial on Counts One through Three is unlikely.  Nevertheless, severance will inexorably duplicate the expenditure of judicial and party resources.

In the absence of a sanitized stipulation, Defendant has met his burden of showing substantial prejudice will result from joinder of all four counts in his case.  A jury weighing his guilt would learn of Defendant's four prior felony narcotics convictions which would otherwise be inadmissible.[2]  *See United States v. Gilliam*, 994 F.2d 97, 100 (2d Cir. 1993) ("This Court has noted that prejudicial taint can, in the context of admissible evidence, be caused by the introduction of a defendant's prior conviction, and has protected against that taint when necessary.").  A limiting instruction as to how the jury could use evidence of Defendant's prior convictions would do little to minimize the prejudice or the likelihood that the jury would begin its deliberations with the knowledge that Defendant was already a convicted drug dealer.  This, alone, may be sufficient to

---

[2] The Second Circuit endorses the joinder of offenses when evidence of a prior conviction would be "independently admissible" with regard to the other counts.  *See United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994).  In Defendant's case, however, evidence of his prior convictions necessary to establish the felon element of Count Four is not admissible for any other purpose.

prejudice the outcome of the jury's deliberations in the present case. *See Gilliam*, 994 F.2d at 100 (defining prejudicial evidence as tending "to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence") (internal quotation marks omitted).

In *United States v. Daniels*, 770 F.2d 1111 (D.C. Cir. 1985), the D.C. Circuit explained how the joinder of a felon-in-possession charge with other counts may create irremediable prejudice:

> In making it illegal for ex-felons to possess firearms, Congress was motivated by an understandable desire to restrict ownership of weapons by those whose pasts suggested even a minimal proclivity towards crime. Unfortunately, a side consequence of the law has been to provide federal prosecutors with a powerful tool for circumventing the traditional rule against introduction of other crimes evidence. Whenever an ex-felon is charged with committing a crime involving the use of a gun, prosecutors may inform the jury of the defendants' prior convictions merely by taking the time to include a charge of firearms possession.
>
> We do not believe Congress had such a tactic in mind when it criminalized possession of firearms by ex-felons, and we do not believe the federal judiciary should encourage or countenance this use of the law. The exclusion of other crimes evidence is not simply a "technicality" designed to prevent law enforcement personnel from doing their job; it reflects and gives meaning to the central precept of our system of criminal justice, the presumption of innocence. That exclusion and that precept must not be discarded in the name of judicial efficiency.

*Id.* at 1118 (internal citations omitted). "The prejudicial nature of evidence of prior convictions is clear and compelling, in that it indelibly marks a defendant as a lawbreaking menace." *United States v. Melvin*, 27 F.3d 703, 708 (1st Cir. 1994). Here, the prejudice seems particularly acute given the seriousness of the charges against Defendant, the seriousness of his prior felonies, and their similarity to the charges the government seeks to prove at trial. Defendant is therefore likely to suffer substantial prejudice if Count Four were tried with the remainder of the counts, even if a limiting instruction is given. In *Page*, the court found the Defendant had "not met his 'heavy burden' of showing 'substantial prejudice' from the joinder of the narcotics counts with

the gun count [ ] [because] [t]he sanitized evidence of the conviction and the district court's limiting instruction minimized the risk of prejudice." *Page*, 657 F.3d at 131 (internal citation omitted). In this case, no sanitized evidence has been agreed to and the government will need to provide the jury with highly prejudicial details of Defendant's actual prior convictions. In such circumstances, a limiting instruction is insufficient to cure any prejudice in light of the similarities between Defendant's prior convictions and the charges against him in this trial. This factor thus weighs in favor of severance.

Before deciding whether to sever, the court must consider whether "less drastic measures" than severance will cure prejudicial joinder. *Zafiro*, 506 U.S. at 539; *see also Page*, 657 F.3d at 130 (requiring court to consider what "adequate precautions [will] limit the danger of unfair prejudice"). "[B]ifurcating the trial of th[e] charge" in Count Four will protect Defendant from any prejudice emanating from his prior convictions and is a readily available remedy that will not require the government to sanitize Count Four. *See State v. Brillon*, 2010 VT 25, ¶¶14-16, 187 Vt. 444, 454-55, 995 A.2d 557, 563-64 (endorsing "use of bifurcated proceedings in trials involving increased penalties," such as subsequent DUIs and habitual offender status, due to "the enhancement's lack of relevance to the underlying charge and the great amount of prejudice this type of evidence can cause to a defendant," particularly because prior bad acts like prior convictions "suggest propensity for criminal acts"). Moreover, the government need only present its evidence of the alleged possession of a firearm once. The jury will determine Counts One through Three. After it has done so, the government may present whatever additional evidence it seeks to introduce in support of Count Four, and the jury will then return to deliberate on that remaining charge. The court therefore DENIES Defendant's motion to sever Count Four, and ORDERS bifurcation of the trial of Count Four from the trial of Counts One through Three.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Sever Count Four of the Indictment (Doc. 36) is DENIED, and the court ORDERS bifurcation of the trial on Count Four from Counts One through Three.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 29th day of August, 2013.

Christina Reiss, Chief Judge
United States District Court