U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

**2025 JUL 22  AM II: 51**

CLERK

BY____LAW____
DEPUTY CLERK

UNITED STATES OF AMERICA            )
                                    )
v.                                  )        Case No. 5:12-cr-00105 – I
                                    )
FRANK CARABALLO                     )

## ENTRY ORDER
## DENYING AMENDED MOTIONS TO REDUCE SENTENCE AND FOR COMPASSIONATE RELEASE
(Docs. 356 & 362)

On September 19, 2023, Defendant Frank Caraballo filed an amended motion to reduce his sentence, which the government opposed. (Doc. 356.) On April 29, 2024, Mr. Caraballo filed an amended motion for compassionate release, wherein he sought to add two exhibits to his motion for compassionate release/sentence reduction purportedly showing "the acknowledgement of the Bureau of Prisons of Mr. Caraballo's gang dropout status." (Doc. 362 at 1.) The government did not file an opposition to the amended motion for compassionate release. The court will therefore consider Mr. Caraballo's additional exhibits as part of his amended petition.

Mr. Caraballo is self-represented. The government is represented by Assistant United States Attorney Paul J. Van de Graaf.

## I.    Factual and Procedural Background.

On October 2, 2013, a jury convicted Mr. Caraballo of conspiracy to distribute controlled substances and two firearms violations. Thereafter, he pleaded guilty to another firearms charge. As part of its verdict, the jury concluded beyond a reasonable doubt that Mr. Caraballo caused the murder of Melissa Barratt. After a contested sentencing hearing, the court granted the defense motion for a downward variance from the advisory Sentencing Guidelines range of lifetime incarceration and sentenced Mr. Caraballo to forty years of incarceration. Mr. Caraballo appealed his convictions, and the

Second Circuit affirmed. *See United States v. Caraballo*, 658 F. App'x 595 (2d Cir. 2016); *United States v. Caraballo*, 831 F.3d 95 (2d Cir. 2016).

In 2018, Mr. Caraballo filed a 28 U.S.C. § 2255 petition claiming ineffective assistance of counsel. In August of 2019, after extensive briefing, the Magistrate Judge recommended that the § 2255 petition be denied and that Mr. Caraballo also be denied a certificate of appealability. Mr. Caraballo objected to the Magistrate Judge's Report and Recommendation, which the court adopted in full on February 18, 2020. On March 5, 2020, Mr. Caraballo attempted to appeal the denial of his § 2255 petition, but the Second Circuit denied a certificate of appealability and dismissed the appeal, concluding Mr. Caraballo had failed to make a substantial showing of a denial of a constitutional right.

On May 4, 2020, during the COVID-19 pandemic, Mr. Caraballo filed his first motion for compassionate release regarding the risks that COVID posed to his health. The government opposed the motion, arguing in part that the 18 U.S.C. § 3553(a) factors continued to support Mr. Caraballo's forty-year sentence. On June 26, 2020, the court denied the motion without prejudice after a hearing.

Shortly thereafter, Mr. Caraballo filed a motion for reconsideration, which the government opposed. The court allowed Mr. Caraballo to supplement his motion as well to file a supplemental motion for compassionate relief. On July 23, 2021, after oral argument, the court denied Mr. Caraballo's motions. In August of 2021, Mr. Caraballo appealed the denial of his motion for compassionate release, and on December 1, 2022 the Second Circuit affirmed. *See United States v. Caraballo*, 2022 WL 17347623 (2d Cir. Dec. 1, 2022). In the pending motion, Mr. Caraballo asks for compassionate release and a sentence reduction based on challenges to his conviction, his completion of the BOP's three-tier gang disassociation program, his ongoing medical issues, and because the § 3553(a) sentencing factors should not "apply to a particular defendant in perpetuity." (Doc. 356 at 5.)

## II.    Legal Conclusions and Analysis.

The First Step Act authorizes courts to grant compassionate release where, "after considering the factors set forth in section 3553(a) to the extent that they are applicable,"

2

the court finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).[1] Courts may consider the medical circumstances of the defendant, the age of the defendant, family circumstances related to being a caregiver, and any abuse of the defendant while in custody. U.S.S.G. § 1B1.13(b)(1)-(4). Pursuant to the catch-all provision, courts may take into account "any other circumstance or combination of circumstances that . . . are similar in gravity to those described in paragraphs (1) through (4)." *See id.* at § 1B1.13(b)(5). "[A]fter full consideration of the defendant's individualized circumstances[,]" courts may consider certain non-retroactive changes in law for an "unusually long sentence[,]" but "only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" *See id.* at § 1B1.13(b)(6); *see also United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020) ("[R]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.") (internal quotation marks omitted).

Although, as the government concedes, Mr. Caraballo "satisfied the administrative exhaustion requirement in [§] 3582[,]" (Doc. 358 at 3 n.1), he has not established that "extraordinary and compelling reasons" necessitate a reduced sentence. Mr. Caraballo expressly abandons a claim that COVID-19's impact on his health constituted an "extraordinary and compelling reason" for compassionate release. *See* Doc. 356 at 5 ("[A]t this juncture defendant respectfully abandons any reference or misplaced reliance on COVID-19 as it is now a moot point as a matter of law per the April 20, 2023 rescission of the National Emergency Declaration on the COVID-19 pandemic."). He reasserts his prior claim that his "obesity, high blood pressure, and pre-diabetic

---

[1] The Second Circuit has held that, prior to the issuance of First Step Act policy statements by the Sentencing Commission, courts had the authority to define the terms "extraordinary and compelling reasons." *United States v. Brooker*, 976 F.3d 228, 232 (2d Cir. 2020) (recognizing the prior "policy statement did not define 'extraordinary and compelling reasons.'"). On November 1, 2023, the Commission's new policy statement defining "extraordinary and compelling reasons" for compassionate release went into effect.

condition" justify the relief he seeks. *Id.* However, Mr. Caraballo presented many of these medical conditions, as well as his asthma, history of heart attack, and obstructive sleep apnea, to the court when it considered his original motion for compassionate release. *See* Doc. 333 at 16-17 (June 26, 2020 hearing transcript). It does not appear that any of these conditions have worsened or required hospitalization, hospice, or end-of-life measures. Mr. Caraballo therefore fails to demonstrate that his ongoing health issues qualify as an "extraordinary and compelling reason" for reducing his sentence.

Mr. Caraballo further argues that the court should not have considered the murder guideline at sentencing because the jury acquitted him of violating 18 U.S.C. § 924(j). In addition, he contends the court should not have given an aiding and abetting jury instruction regarding Count Two and that, in doing so, the court constructively amended the Indictment. In challenging his sentences, he relies on *Lora v. United States*, 599 U.S. 453 (2023), wherein the Supreme Court addressed the propriety of consecutive sentences in a case involving convictions for both 18 U.S.C. §§ 924(c) and 924(j).

Legal challenges to the sentence and the conviction are not "extraordinary and compelling reasons" for compassionate release, and § 3582(c)(1)(A) directs the court to assess only the § 3553(a) sentencing factors when deciding whether to grant a motion for compassionate release. The Second Circuit has squarely addressed this issue and has held "arguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors. Rather, such arguments are properly raised on direct appeal or collateral review pursuant to 28 U.S.C. § 2255." *United States v. Amato*, 48 F.4th 61, 65 (2d Cir. 2022).

As to whether Mr. Caraballo's sentence was an "unusually long sentence" such that a "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed," U.S.S.G. § 1B1.13(b)(6), Mr. Caraballo has not established that his sentence is unreasonably long for the federal charges for which he was convicted (the then-applicable guidelines suggest it was not).

Even if Mr. Caraballo had established "extraordinary and compelling reasons" unrelated to a challenge to his underlying convictions and sentence, the court has

4

discretion under the § 3553(a) factors to deny the motion. *See Caraballo*, 2022 WL 17347623, at *1 ("Even assuming that . . . [Mr.] Caraballo's health issues qualified as an extraordinary and compelling reason for reducing his sentence, the District Court's reasonable evaluation of the section 3553(a) factors provided an alternative and independent basis in support of its decision to deny his motions."). On July 23, 2021, the court denied his prior motion for compassionate release based on its assessment of the § 3553(a) factors:

> The Government asked for a life sentence, and the Court denied that request. And I will not suggest that Mr. Caraballo got a light sentence, but there was leniency built into it in a factual record that didn't have a lot of facts that would support leniency. He was in our highest criminal history category; he had prior involvement in violence, and this was a very violent offense.
>
> So looking back at that, I don't regret making that decision, but I don't see it significantly different from how it was at that point in time. It was an execution-style killing. It was coupled with drug dealing. There were firearm charges.

(Doc. 353 at 31-32.) Although the court commends Mr. Caraballo on severance of his gang affiliations as well as his efforts at rehabilitation which he describes as a "complete 180 degree[,]" the facts and circumstances of this case do not warrant a sentence reduction at this time. (Doc. 356 at 5.)

## CONCLUSION

For the foregoing reasons, Mr. Caraballo's amended motion to reduce his sentence under 18 U.S.C. § 3582 and amended motion for compassionate release (Docs. 356 and 362) are DENIED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 22nd day of July, 2025.

Christina Reiss, Chief Judge
United States District Court